IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

KENNETH E. RUTT

    Plaintiff,

v.                                    Civil Action No.: 3:19-cv-00074

**CIGNA LIFE INSURANCE COMPANY OF NORTH AMERICA.**

    Defendant.

## COMPLAINT

1. Plaintiff Kenneth E. Rutt ("Mr. Rutt") brings this action against Cigna Life Insurance Company of North America ("Cigna") for violation of the Employment and Retirement Income Security Act of 1974, as amended 29 *U.S.C.* §1001, *et seq.*, ("ERISA"). Mr. Rutt was a participant in the plan, an ERISA employee welfare benefit plan, as administered by Cigna Group. This Complaint challenges the Defendant's unlawful denial of Mr. Rutt's request for long-term disability benefits despite medical evidence demonstrating his qualifications for said benefits. Mr. Rutt is filing this action to recover benefits due under a policy of insurance to enforce the present rights existing therein, to declare his rights under the terms of the policy, and to recover costs and attorneys' fees as provided by ERISA.

## **JURISDICTION**

2. This Court has personal and subject matter jurisdiction over this case pursuant to 29 *U.S.C.* §1132(e) and (f) because of the Defendant's breach of its ERISA obligation to him.

## PARTIES

3. Plaintiff Kenneth E. Rutt is a resident of the State of West Virginia, residing in Kenova, West Virginia.

4. Plaintiff Rutt, at all times pertinent, was a participant within the meaning of 29 *U.S.C.* §1002(2)(7) in the group long-term disability ("LTD") plan that was issued to The Marshall University Foundation, Inc., Plaintiff's employer.

5. Plaintiff Rutt has standing to bring this action under ERISA, 29 *U.S.C.* 1132(a).

6. Defendant Cigna Life Insurance Company of North America has its corporate headquarters located at PO Box 29221, Phoenix, AZ 85038-9221 and, upon information and belief, administered the Plan.

7. Defendant is a for-profit corporation and does business in the State of West Virginia, deriving revenue from its business it conducts in West Virginia.

## ALLEGATIONS

8. The Plan under which the Plaintiff is suing is a group disability plan maintained by The Marshall University Foundation, Inc. ("the Company"), and fully insured by a contract of insurance issued by Cigna Life Insurance Company of North America.

9. Up until January 29, 2014, Plaintiff was working full-time for the Company. His last employment was in Huntington, West Virginia. He has not worked since that time.

10. The Plan's covered class includes Plaintiff.

11. As a full-time employee, Mr. Rutt became insured under the Plan.

12. The policy provides for the Plaintiff LTD benefits to cover the employees who meet all contractual provisions, including the definition of disability.

13. The terms of the group policy defining disability are: "you are limited from performing the material and substantial duties of your regular occupation due to your sickness or injury" and "you have a 20% or more loss in your indexed monthly earnings due to the same sickness or injury". There is a 90-day elimination period. The disability benefits are the lesser of 60% of an employee's monthly earnings or $4,000.00 ("gross disability payment"). The *monthly payment* is calculated by subtracting the gross disability payment from any deductible source of income.

14. Plaintiff last worked for the Company on or about January 29, 2014, and has been unable to return to his former job since that time.

15. Plaintiff requested long-term disability benefits and the Company determined his date of disability to be January 29, 2014.

16. That application was denied on September 16, 2016.

17. Plaintiff filed an appeal to his denial of benefits on May November 1, 2016.

18. The appeal was denied on February 17, 2017.

19. Cigna's primary grounds for denying the benefits consists of the following: Cigna has considered a date of disability beginning January 29, 2014 when Mr. Rutt first began to take sick/vacation time due to these symptoms. Mr. Rutt began to have symptoms of pain and fatigue with his ability to work in early 2014. His employer alleges it allowed him a flexible work schedule due to his symptoms. Mr. Rutt is alleged to have been limited in performing the duties of his occupation on a full-time basis when taking sick time or vacation time. Cigna alleges he would not be limited from performing the duties of his occupation on a full-time basis when not taking sick time or vacation time. Cigna states when disability stops for more than 30

days when Mr. Rutt was not taking sick time or vacation time a new onset of disability is considered. According to Cigna, Mr. Rutt exceeded the 30 day accumulation provision as his disability stopped for more than 30 days. Cigna claims that Mr. Rutt's conditions are pre-existing, therefore refused his claim for disability benefits.

20. The Defendant funds the Plan it administers.

21. As a result of the Defendant's improper denial of Plaintiff's disability benefits, he has not received the disability payments to which he is entitled.

22. The Defendant has improperly denied Plaintiff his benefits in the following manner:

    a) It failed to acknowledge the findings of the treating physicians who indicated that Plaintiff was unable to work;

    b) It selectively and improperly relied upon provisions in the Plan in order to deny Plaintiff benefits in a biased manner;

    c) It failed to take into account the medical records of the treating physicians;

    d) It evaluated the medical and vocational evidence in a biased manner.

23. The Defendant's denial of long-term disability benefits is a violation of 29 *U.S.C.* §1132(a)(1).

WHEREFORE, Plaintiff Kenneth E. Rutt prays for the following relief:

    a) Declaratory relief that he is entitled to disability benefits, past and present, plus interest;

    b) Reasonable attorney fees and costs pursuant to 29 *U.S.C.* §1132(a);

    c) Alternatively, a remand requiring Cigna to consider all of the evidence and

how it impacts upon Plaintiff's ability to work; and

d) Any other relief that this Honorable Court deems appropriate.

**KENNETH E. RUTT**

By Counsel

*[signature]*
Kenneth P. Hicks, Esquire (WV Bar #5063)
KENNETH P. HICKS, L.C.
742 Fourth Avenue
Huntington, WV 25701
Telephone: (304) 525-3201
Facsimile: (304) 525-4700
*Counsel for Plaintiff*

5